UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SANDRA BAKER,

    Plaintiff,

v.                                                Case No:  2:13-cv-838-FtM-38UAM

PFIZER INC.,

    Defendant.
_____/

### ORDER[1]

This matter comes before the Court on Plaintiff's Motion to Substitute Party and Amend Complaint (Doc. #12) filed on January 21, 2014.  The Court is informed by Plaintiff's counsel that Plaintiff, Sandra Baker, died on July 23, 2013.  Plaintiff's counsel now moves to substitute Mrs. Baker's surviving spouse, Abraham Baker, as personal representative with authority to prosecute this case.  Plaintiff's counsel was notified that Plaintiff had passed away on or about January 8, 2014.  Plaintiff's counsel has filed a Suggestion of Death, which includes the Certification of Death and the Last Will and Testament of Sandra L. Baker, which nominated her husband as her personal representative.  (Doc. #9).

As Plaintiff's Motion fails to provide the Court with any legal analysis or support as to the appropriateness of the substitution in this case, the Court will deny the Motion

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

without prejudice. It is not clear whether Mrs. Baker's estate has entered into probate such that a probate court has in fact appointed Abraham Baker as personal representative. If there is no such requirement under Florida law, counsel should cite the Court to such authority.

> Federal Rule 25 states:
>
> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). It is not clear that Mrs. Baker's counsel qualifies as a "successor or representative" under this Rule who may file a motion for substitution due to the fact that the attorney no longer has the authority to act on behalf of the client. See Shannon v. Saab Training USA, LLC, 2009 WL 2175642, *1 (M.D. Fla. July 21, 2009). Counsel should address this as well if they choose to re-file the Motion to Substitute.

Finally, pursuant to Fed. R. Civ. P. 25(a)(2), a motion to substitute must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. The Certificate of Service in the Motion to Substitute states that the Motion was served electronically upon all counsel via CM/ECF. Plaintiff's counsel filed a Proof of Service (Doc. #6) on December 16, 2013, which purports to show that Defendant Pfizer was served with the summons and complaint in this matter on December 16, 2013, but Defendant has failed to enter an appearance or otherwise respond to this lawsuit. Even so, nonparties must be served with a motion to substitute as provided in Rule 4. There is no indication that this was done. Any future motions to substitute must be served in compliance with Fed. R. Civ. P. 4 and 25.

2

The Court will take this opportunity to note that a review of the docket reveals that local counsel has yet to enter an appearance in this action as required by Local Rule 2.02(a). Counsel shall comply with this Local Rule on or before February 5, 2014.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Motion to Substitute Party and Amend Complaint (Doc. #12) is **DENIED without prejudice**.

(2) Plaintiff shall have up to and including **February 5, 2014**, to comply with Local Rule 2.02(a) and obtain local counsel.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of January, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record